IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

M.W., a minor,
by his next friend, SHENELL BUCHANAN,

    Plaintiff,

v.                                                                          FED. CASE NO.:        1:17-cv-347-CG-N

LHS PENSACOLA #4, INC. d/b/a MAGNUSON
INN, JAY S. PATEL, NARESH K.
PATEL, and ROWE INTERNATIONAL CORP.,

    Defendants.

---

### DEFENDANT ROWE INTERNATIONAL CORPORATION'S
### NOTICE OF NON-CONSENT AND MOTION TO REMAND

---

COMES NOW, Rowe International Corporation (hereinafter, "Rowe"), a non-removing Defendant in the above styled cause, and states that Rowe has not and does not consent to the Defendants LHS Pensacola #4, Inc. d/b/a Magnuson Inn, Jay S. Patel, and Naresh K. Patel's removal of this action to this Court. Rowe moves this Honorable Court for an order remanding this action to the Circuit Court of Baldwin County, Alabama, and in support of its motion sets down and assigns the following, to wit:

    **I.**    **PROCEDURAL HISTORY AND SUPPORTING FACTS**

1.    On June 28, 2017, Plaintiff M.W. filed this action in the Circuit Court of Baldwin County, Alabama, against Defendants LHS Pensacola #4, Inc. d/b/a Magnuson Inn ("LHS Pensacola"); Jay S. Patel; Naresh K. Patel; and Rowe.

2.    On July 3, 2017, Rowe was properly served by certified mail in Wilmington, Delaware. (Rowe Return of Service, attached hereto as Exhibit A).

3. On July 20, 2017, Rowe timely answered Plaintiff's Complaint in the Circuit Court of Baldwin County, Alabama, denying all liability.[1]

4. On July 31, 2017, Defendants LHS Pensacola, Jay Patel, and Naresh Patel (collectively, "the Removing Defendants") filed a Notice of Removal in this Court, alleging that the action is one which may be properly removed under 28 U.S.C. 1441(a), citing the Court's diversity jurisdiction. (Doc. 1, pgs. 2-3).

5. On August 3, 2017, this Court issued an Order indicating that the Notice of Removal did not specify Rowe's principal place of business and ordering the Removing Defendants to file a supplement to the Notice of Removal properly alleging the citizenship of Rowe, on or before August 10, 2017. (Doc. 6, pgs. 2-3).

6. Also on August 3, 2017, this Court issued an Order indicating that Rowe "filed its answer to the complaint in the Circuit Court of Baldwin County, Alabama on July 20, 2017; however it has not filed a notice of consent to removal in compliance with 28 U.S.C. § 1446(b)(2)(A) of the Federal Rules of Civil Procedure" and ordering Rowe "to file its consent to removal, or show cause why it is not required to file such consent" on or before August 10, 2017. (Doc. 7, pg. 1).

7. Also on August 3, 2017, the Removing Defendants filed an Amended Notice of Removal alleging Rowe's state of incorporation and principal place of business, and erroneously stating that "Defendant Rowe International Corporation consents to removal." (Doc. 8, pg. 2).

8. Rowe has not and does not consent to the removal of this action to this Court. The Removing Defendants contention that Rowe has consented to removal is in error.

---

[1] On August 2, 2017, this Court entered an Order (Doc. 3) calling for the redaction of the minor Plaintiff's name and sealing all documents which contained the minor's full name. For convenience, Rowe's previous Answer, with appropriate redactions, is attached hereto as Exhibit B.

## II.     LAW AND ARGUMENT

**Since Defendant Rowe International Corporation has not consented to removal, this action is due to be remanded to the Circuit Court of Baldwin County, Alabama.**

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. 1446(b)(2)(A). This action was removed pursuant to 28 U.S.C. 1441(a) on July 31, 2017. (Doc. 1 at 3; Doc. 8 at 3). Rowe was properly served and had answered prior to the removal of this action. (*See* Exhibits A, B).

Rowe has not and does not consent to the removal of this action to federal court as required for removal under 28 U.S.C. § 1446(b)(2)(A). Moreover, the Removing Defendant's mistaken representation that Rowe had consented is not evidence of any consent:

> 28 U.S.C. § 1446(a) and Rule 11(a), Fed. R. Civ. P., require[] that there be some timely filed written document evidencing either joinder in or consent to the removal from each served co-defendant to the removal. Moreover, Rule 11, Fed. R. Civ. P. *does not authorize one party to make representations or file pleadings on behalf of another*. Rather, Rule 11 requires that each pleading, motion or other paper submitted to the court be signed by the party or its attorney of record, if represented.

*Miles v. Kilgore*, 928 F. Supp. 1071, 1076 (N.D. Ala. 1996)(emphasis added).

"The requirement that all defendants consent to and join a notice of removal in order for it to be effective is referred to as the 'unanimity rule.' " *Stone v. Bank of New York Mellon, N.A.*, 609 Fed. App'x 979, 981 (11th Cir. 2015) *citing Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 12012, 1207 (11th Cir. 2008). "Like all rules governing removal, the unanimity rule must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Stone*, 609 Fed. App'x at 981 *citing Russell Corp. v. Am. Home Assur. Co.*, 264 F. 3d 1040, 1049 (11th Cir. 2001). "The failure to join all defendants in the petition is a defect in the removal procedure." *In re Bethesda Memorial Hosp., Inc.*, 123 F.

3d 1407, 1410 n.2 (11th Cir. 1997) *citing In re Ocean Marine Mut. Protection and Indem. Ass'n, Ltd.*, 3 F.3d 353 (11th Cir. 1993). Since removal is ineffective, this action is due to be remanded to the Circuit Court of Baldwin County, Alabama. *See, e.g.*, 28 U.S.C. §§ 1446(b)(2)(A), 1447(c); *Ocean Marine*, 3 F.3d at 356.

WHEREFORE, Rowe International Corporation moves this Honorable Court for an order remanding the present action to the Circuit Court of Baldwin County, Alabama due to Rowe's lack of consent as required for effective removal under 28 U.S.C. § 1446(b)(2)(A).

Respectfully submitted,

/s/Jeffrey L. Juther_____
JEFFREY L. LUTHER, ESQ.
MARK E. HARRIS, ESQ.
*Attorneys for Defendant Rowe International Corporation*

**OF COUNSEL:**
LUTHER, COLLIER, HODGES & CASH, LLP
P.O. Box 1002
Mobile, Alabama 36633
Telephone: (251) 694-9393
Facsimile:  (251) 694-9392
jluther@lchclaw.com
mharris@lchclaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this the 9th day of August, 2017 I electronically filed the foregoing with the Clerk of the Court using the *CM/ECF* system which will send notification of such filing to the following:

Rodney M. Love, Esq.
Love Law, PLLC
P.O. Box 10720
Jackson, MS  39289

D. Grayson Miller, Esq.
Law Offices of Celeste P. Armstrong
3000 Riverchase Galleria, Suite 900
Hoover, AL  35244

            /s/Jeffrey L. Luther_____
            JEFFREY L. LUTHER, ESQ.